UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. ) 05 10999 RCL |
| SYSTRANS FREIGHT SYSTEMS, INC., | ) ) |
| Defendant. | ) ) |

RECEIPT # 69226
AMOUNT $250.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5-13-05

## COMPLAINT

Plaintiff Iron Mountain Information Management, Inc. ("Iron Mountain"), by its attorneys, Sullivan & Worcester LLP, as and for its complaint against Defendant Systrans Freight Systems, Inc. ("Systrans"), alleges as follows:

### Nature of the Action

1. Systrans breached a written agreement, which requires that Systrans provide or procure courier services on Iron Mountain's behalf in certain markets. Among other things, Systrans failed to pay vendor invoices as required by the agreement. Systrans has also failed to repay Iron Mountain, as required by the agreement, certain monies that Iron Mountain has advanced to Systrans. Iron Mountain seeks to recover damages resulting from Systrans' breaches.

### Parties

2. Plaintiff Iron Mountain is a Delaware corporation with a principal place of business located at 1000 Campus Drive, Collegeville, Pennsylvania. Iron Mountain is a wholly-owned subsidiary of Iron Mountain Incorporated (NYSE: IRM).

3. Defendant Systrans is, upon information and belief, a Florida corporation with a principal place of business located at 571 West Lake Avenue, Suite 5, Bay Head, New Jersey.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the dispute occurred in this judicial district.

## Background

6. By written agreement dated May 1, 2003 (the "Contract"), Iron Mountain and Systrans agreed, among other things, that Systrans would furnish and deliver all of the manpower (possessing the particular training, ability, knowledge, and expertise), materials, and equipment to effectively provide courier and related services for Iron Mountain.

7. Prior to execution of the Contract, Systrans made a presentation to Iron Mountain executives regarding the courier and related services it could provide. This presentation occurred at Iron Mountain Incorporated's corporate headquarters at 745 Atlantic Avenue, Boston, Massachusetts. The Contract was negotiated, in part, in Boston, Massachusetts.

8. The Contract requires, among other things, that Systrans provide courier services within certain Iron Mountain markets and to certain facilities and sites in the continental United States. These services are to operate to, from, and between Iron Mountain customers and facilities on a district-by-district basis as approved by Iron Mountain. Iron Mountain's Boston district is among the districts that Iron Mountain approved for provision of courier services by Systrans.

{B0405647; 1}

9. The Contract requires that Systrans provide certain management services related to the courier services that Systrans agreed to provide. Among other management services, the Contract requires that Systrans pay vendor invoices from courier companies that Systrans is using for performance of the Contract.

10. Systrans has not paid certain vendor invoices from courier companies that Systrans is using for performance of the Contract. Additionally, upon information and belief, a Systrans check to one vendor was returned by the bank due to insufficient funds.

11. By letter dated April 26, 2005, Iron Mountain notified Systrans that its failure to pay vendor invoices constituted a material breach of the Contract. The April 26th letter demanded that Systrans remedy any breaches of the Contract and provide Iron Mountain with adequate assurance that all outstanding vendor invoices related to performance of the Contract are paid and will continue to be paid on a timely basis. Systrans has since informed Iron Mountain that it will not provide the requested assurances and has therefore repudiated its obligations under the Contract.

12. Iron Mountain continues to be presented with unpaid invoices from vendors who refuse to deliver containers or records for Iron Mountain until their unpaid invoices are satisfied. Upon information and belief, the unpaid vendor invoices that Systrans failed to pay currently total at least $338,000.

13. In conjunction with and upon execution of the Contract, Iron Mountain agreed to advance Systrans an initial amount of $105,000 (the "Initial Advance"). The Initial Advance was to be applied to startup expenses related to the Contract. Systrans agreed to repay the Initial Advance.

14. To secure the Initial Advance, Systrans granted Iron Mountain a security interest in the equipment purchased by Systrans at the inception of the Contract and agreed that, upon request, Systrans would execute the necessary UCC financing statement to perfect Iron Mountain's security interest.

15. By written agreement dated January 30, 2004 (the "First Amendment"), Iron Mountain agreed to advance an additional $50,000 (the "First Additional Advance") to Systrans. Iron Mountain provided the First Additional Advance to assist Systrans in expanding services to Iron Mountain. Systrans agreed to repay the First Additional Advance.

16. By written agreement dated January 19, 2005 (the "Second Amendment"), Iron Mountain agreed to advance an additional $40,500 (the "Second Additional Advance") to Systrans. Iron Mountain provided the Second Additional Advance to assist Systrans in improving its services to Iron Mountain. Systrans agreed to repay the Second Additional Advance with interest.

17. During the term of the Contract, Systrans overcharged Iron Mountain. As of January 19, 2005, Iron Mountain and Systrans agreed that the aggregate amount of the overcharges was in excess of $78,500 (the "Overcharges"). Systrans has failed to fully repay these overcharges or offset them from amounts invoiced to Iron Mountain.

18. Of the Initial Advance ($105,000), First Additional Advance ($50,000), Second Additional Advance ($40,500), and the Overcharges (more than $78,500), Systrans has repaid or offset only approximately $108,000, leaving approximately $166,000 due and owing from Systrans to Iron Mountain on those advances and overcharges.

### Count I: Breach of Contract – (Failure to Pay Vendors)

19. Iron Mountain incorporates by reference herein the allegations in paragraphs 1 through and including 18 as if set forth herein.

20. Iron Mountain and Systrans, for good and valuable consideration, entered into the Contract. The Contract, as amended, reflects valid and binding legal obligations of Iron Mountain and Systrans, enforceable in accordance with their terms.

21. Systrans breached the Contract by, among other things, not paying vendor invoices from courier companies that Systrans is using for performance of the Contract.

22. Iron Mountain has fully performed its duties and obligations under the Contract.

23. As a direct and proximate result of Systrans' breaches, Iron Mountain has suffered damages.

### Count II: Breach of Contract – (Failure to Pay Amounts Due and Owing)

24. Iron Mountain incorporates by reference herein the allegations in paragraphs 1 through and including 23 as if set forth herein.

25. Iron Mountain and Systrans, for good and valuable consideration, entered into the Contract. The Contract, as amended, reflects valid and binding legal obligations of Iron Mountain and Systrans, enforceable in accordance with their terms.

26. Systrans has breached the Contract, as amended, by failing to repay the full amount of the Overcharges or offset them from amounts invoiced to Iron Mountain.

27. Systrans has also breached the Contract, as amended, by failing to fully repay the full amount of the Initial Advance, the First Additional Advance, and the Second Additional Advance or offset them from amounts invoiced to Iron Mountain.

28. Iron Mountain has fully performed its duties and obligations under the Contract.

29. As a direct and proximate result of Systrans' breaches, Iron Mountain has suffered damages.

Case 1:05-cv-10999-RCL   Document 1   Filed 05/13/2005   Page 6 of 6

-6-

WHEREFORE, Iron Mountain respectfully requests that this Court:

A. Award Iron Mountain compensatory damages resulting from Systrans' breaches of the Contract;

B. Award the Plaintiffs such further relief as the Court deems just, including without limitation reasonable attorneys' fees and disbursements.

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.**

By its attorneys,

May 13, 2005

Ira K. Gross (BBO #212720)
*igross@sandw.com*
Samual A. Miller (BBO #648568)
*smiller@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

-6-

{B0405647; 1}

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Iron Mountain Information Management, Inc. v. Systrans Freight Systems, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   05-10999 RCL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Iron Mountain Incorporated, et al. v. Thomas Carr, U.S.D.C., D. Mass., Civil Action No. 05 10890 RCL

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Ira K. Gross and Samual A. Miller, Sullivan & Worcester LLP
ADDRESS    One Post Office Square, Boston, MA 02109
TELEPHONE NO.    (617) 338-2800

(CategoryForm.wpd - 5/2/05)

# CIVIL COVER SHEET

%JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Iron Mountain Information Management, Inc.

**(b)** County of Residence of First Listed Plaintiff: Montgomery County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ira K. Gross and Samual A. Miller, Sullivan & Worcester LLP, One Post Office Square, Boston, MA 02109  Tel: (617) 338-2800

## DEFENDANTS
Systrans Freight Systems, Inc.

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-10999 RCL

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Breach of written agreement, including failure to provide/procure services and failure to make certain payments

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $166,700.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE Reginald C. Lindsay
DOCKET NUMBER 05-10890 RCL

DATE 5-13-05
SIGNATURE OF ATTORNEY OF RECORD  /s/ Saml A. Mill

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE