UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SYSTRANS FREIGHT SYSTEMS, INC., )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO. 05 10999 RCL |

### [PROPOSED] PRELIMINARY INJUNCTION ORDER

Pursuant to Fed. R. Civ. P 65, the Court hereby grants the Plaintiff's Motion for Preliminary Injunction and sets forth the reasons for issuance of the injunction.

### Findings

Based on the evidence before the Court, for purposes of the Plaintiff's Motion for Preliminary Injunction, the Court finds it is likely that:

1.  By written agreement dated May 1, 2003 (the "Contract"), Iron Mountain and Systrans agreed, among other things, that Systrans would furnish and provide courier and related services for Iron Mountain as Iron Mountain, in its absolute discretion, may order from Systrans.

2.  The Contract expressly acknowledges that Systrans will possess Iron Mountain's confidential and proprietary information while performing the Contract.

3.  The Contract restricts Systrans' disclosure of Iron Mountain's confidential and proprietary information except as necessary to perform the Contract.

4.  The Contract restricts Systrans' disclosure of Iron Mountain's confidential and proprietary information except as necessary to perform the Contract.

5. The Contract requires that, upon written request, Systrans return any confidential and proprietary information that it has received from Iron Mountain.

6. The Contract requires that Systrans provide certain management services related to the courier services. Among other management services, the Contract requires that Systrans pay vendor invoices from courier companies that Systrans engages for performance of the Contract.

7. Systrans has not paid its courier vendors performing deliveries on Iron Mountain's behalf.

8. Systrans has unjustifiably threatened Iron Mountain that, if Iron Mountain does not pay the invoices from it to Iron Mountain for the weeks of April 30 and May 6, 2005 (which, in view of Systrans' failure to pay its vendors, Systrans acknowledged and agreed Iron Mountain would not have to pay), Systrans will sell Iron Mountain's confidential and proprietary information.

9. Systrans has also unjustifiably threatened to begin sending demand letters to and pursuing collection activities against Iron Mountain's customers that had received deliveries from the couriers that Systrans contracted to furnish and provide, and to pay for.

## Order

Based on the foregoing findings, the Court hereby:

A. Enjoins Systrans, as well as its principals and agents and all others acting in concert with them who receive notice of the Court's order, from disclosing, selling, transferring or otherwise disposing of any of Iron Mountain's information that is currently in its possession, custody or control;

-3-

B.  Enjoins Systrans, as well as its principals and agents and all others acting in concert with them who receive notice of the Court's order, from contacting any Iron Mountain customers demanding payment for any deliveries that Systrans arranged pursuant to the Contract; and

C.  Orders and directs Systrans to provide Iron Mountain with a full, complete and detailed inventory or any and all of Iron Mountain's information that is currently in Systrans' possession, custody or control.

**SO ORDERED,**

_____
J. Reginald C. Lindsay

Dated: _____, 2005

{B0406633; 1}

-4-

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this 20th day of May, 2005, served on counsel listed below, by email and FedEx, a true and correct copy of the foregoing **[Proposed] Preliminary Injunction Order**.

Read K. McCaffrey, Esq.<br>
Patton Boggs LLP<br>
2550 M Street, NW<br>
Washington, DC  20037

/s/ Samual A. Miller
Samual A. Miller