**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE, | ) ) ) ) ) ) ) ) | |
| Plaintiffs and Counterclaim-Defendants, | ) ) ) | CIVIL ACTION NO. 05 10890 RCL |
| v. | ) ) | |
| THOMAS CARR, | ) ) | |
| Defendant and Counterclaim-Plaintiff. | ) ) ) | |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05 10999 RCL |
| SYSTRANS FREIGHT SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S LIMITED OBJECTIONS**
**TO THE MAGISTRATE JUDGE'S MAY 25, 2006**
**REPORT AND RECOMMENDATIONS ON MOTIONS TO DISMISS**

Pursuant to Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, Plaintiff and Counterclaim-Defendant Iron Mountain Information Management, Inc. ("Iron Mountain") hereby submits these limited objections to the May 25, 2006, Report and Recommendations on Motion to Dismiss (the "Report and Recommendations"). The Report and Recommendations correctly recommend

dismissal of the misrepresentation claim asserted by the Defendant and Counterclaim-Plaintiff Systrans Freight Systems, Inc. ("Systrans") in its counterclaims (the "Counterclaims") against Iron Mountain. Nevertheless, the Report and Recommendations do not recommend that the Court dismiss the alleged breach of oral agreement claim (the "Remaining Claim").

As is explained in greater detail below, the Remaining Claim does not state a claim upon which relief can be granted to Systrans. Specifically, the Remaining Claim fails to state a claim because, even if it existed (which it does not), the alleged oral agreement is unenforceable because it (i) has been superseded by a written instrument, (ii) runs afoul of the Statute of Frauds, and (iii) is prohibited by the plain terms of the superseding written instrument. Accordingly, the Counterclaims, including the Remaining Claim, should be dismissed in their entirety.

## Procedural Background[1]

On May 13, 2005, the Plaintiff filed a complaint against Systrans after Systrans materially breached a written agreement between the Iron Mountain and Systrans. On May 20, 2005, after Systrans threatened to improperly release Iron Mountain's confidential information to the public (*i.e.*, without Iron Mountain's permission and in contravention of the parties' written contract and Iron Mountain's express instructions), Iron Mountain filed an amended complaint addressing these additional issues. On June 17, 2005, Systrans filed an answer to that amended complaint and the Counterclaims.

On July 14, 2005, pursuant to Fed. R. Civ. P. 12(b)(6), Iron Mountain filed a motion to dismiss the Counterclaims and a supporting memorandum of law (the "Motion to Dismiss"). On

---

[1] This procedural background relates solely to the [docket no.] 05-10999 action, which has been consolidated with the [docket no.] 05-10890 action.

May 25, 2006, after Systrans filed its opposition to the Motion to Dismiss, Magistrate Judge Collings issued the Report and Recommendations.  Though the Report and Recommendations state that "there is a likelihood that Iron Mountain will succeed on a motion for summary judgment" and recommend that the Court grant the Motion to Dismiss as to Count II (misrepresentation) of the Counterclaims, the Report and Recommendation did not recommend that the Court grant the Motion to Dismiss as to Count I (breach of oral agreement).

**Factual Background**

Though the parties have well papered (in this and the consolidated action) the factual background of their interactions, there are certain allegations in the Counterclaims specifically relevant to this limited objection that merit reemphasis.  In the Counterclaims, which are saturated with allegations wholly irrelevant to the Iron Mountain/Systrans relationship, Systrans alleges that Iron Mountain orally promised Systrans "that Systrans would receive nearly $45 million [stet] per year in transportation courier management business for five years."  See Counterclaims, ¶ 16, 17, 19, 21, and 24.  Iron Mountain allegedly made these oral promises of a five (5) year transportation management agreement to Systrans at a meeting in Boston, Massachusetts, on March 26, 2002.  See Counterclaims, ¶ 21.  The Counterclaims fail to allege that a single scrap of writing passed between the sophisticated business actors involved (whether it be a confirming correspondence or otherwise) supporting an exchange of promises regarding a such five-year, $45,000,000 per year agreement between the Iron Mountain and Systrans.

As explained in the Motion to Dismiss, and as noted in the Report and Recommendations, Systrans neglects to mention that Iron Mountain and Systrans executed a written agreement dated May 1, 2003 (the "Contract"), nearly a year after the meeting on March

3

26, 2002.  <u>See</u> Ex. A to Complaint.[2]  A true and accurate copy of the Contract is attached to the memorandum of law in support of the Motion to Dismiss as Exhibit A.  In the Contract, covering all services Systrans is to provide to Iron Mountain, the parties agreed, among other things, that Systrans would furnish and provide courier and related services for Iron Mountain as Iron Mountain, in its absolute discretion, might order from Systrans.  <u>See</u> Contract, § II.A.1.  The Contract, which provides (in section I of the Contract and on its cover sheet) for a three (3) year term, further provides that no amendment shall be effective unless it is reduced to writing and executed by both parties.  <u>See</u> Contract, § III.G.  Additionally, each party's liability under the Contract "or for any other reason relating to or arising from the products and services provided under this Contract" will be limited to amounts paid or received under the Contract.  <u>See</u> Contract, § III.I.

## **Argument**

The Court should adopt the recommendation in the Report and Recommendation regarding dismissal of Systrans's misrepresentation claim.  The Court should also dismiss the Remaining Claim (*i.e.*, Systrans's breach of oral agreement claim) for failure to state a claim because it appears beyond doubt that Systrans cannot prove any set of facts in support of his claim which would entitle him to relief.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The allegations in the Counterclaims are woefully insufficient, as a matter of law, to sustain any claim.  Though the Report and Recommendations recommend dismissal of half of the

---

[2] Magistrate Judge Collings correctly considered the Contract in issuing the Report and Recommendations. In its Answer to Iron Mountain's Complaint, Systrans acknowledged the Contract and its execution, and did not dispute its authenticity.  <u>See</u> Answer, ¶¶ 6, 13, 15, and 16.  In the First Circuit, while ordinarily any consideration of documents not attached to the counterclaims is forbidden on a motion to dismiss (unless the proceeding is converted into one for summary judgment), courts have made exceptions for documents the authenticity of which are not disputed by the parties.  <u>See</u> <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993).  Iron Mountain submits that Systrans's omission of the Contract from its Counterclaims is intentional, calculated to deprive the court of critically relevant information and to avoid a motion to dismiss.

Counterclaims, there is no reason for either the Court or the parties to waste any additional time or resources on Systrans's attempt to state a claim, and the Counterclaims should be dismissed *in their entirety*.

## Systrans's Claim of a
## Five Year-Oral Contract is Unenforceable.

A.   The Contract Discharges All Alleged Prior Agreements.

Though the Report and Recommendations correctly found that the parties entered into a written agreement (*i.e.*, the Contract) subsequent to the alleged oral agreement, the Report and Recommendations incorrectly found that it is impossible to say at this juncture that the terms of the alleged oral agreement and the Contract are inconsistent.  As explained in the Motion to Dismiss and the Report and Recommendations, it is black-letter law that a completely integrated agreement incorporates all prior negotiations and oral agreements that fall within the scope of the subsequently written contract.[3]  See generally Fairfield 274-278 Clarendon Trust v. Dwek, 970 F.2d 990, 993 (1st Cir. 1992) (noting that evidence of prior or contemporaneous oral agreements cannot be admitted to *vary* or *modify* the terms of an unambiguous written contract); Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, 68-69, 154 N.E. 572, 573 (1927) ("when the parties have reduced their contract to writing, all previous or contemporaneous oral or written negotiations are merged in it and its terms cannot be varied, contradicted, added to, or subtracted

---

[3] The Contract provides that it "shall be governed by the laws of the State of New Jersey." Contract, § III.C.  As Magistrate Judge Collings stated in the Report and Recommendations, it is equally well established under New Jersey law that an oral promise is unenforceable when it is superseded by a complete written agreement between the parties.  See Winans v. Asbury Park Nat'l. Bank & Trust Co., 13 N.J. Super. 577, 581, 81 A.2d 33 (1951) ("[t]he general rule is that an executed contract which covers the whole subject matter embraced in a prior one between the same parties rescinds the prior agreement.").  Accordingly, there is no conflict between Massachusetts and New Jersey law on this particular issue (discharge of an oral contract by a subsequent written agreement) and the Court should apply Massachusetts law, the law of the forum, where Massachusetts and New Jersey law are in common.  See, e.g., Boston Hides & Furs v. Sumitomo Bank, 870 F. Supp. 1153, 1159 (D.Mass. 1994) (finding a "false conflict" between Massachusetts and New York law and applying the law of the forum state "to the extent it is common to both New York and Massachusetts.").

from by oral testimony touching such negotiations"); Goldenberg v. Taglino, 218 Mass. 357, 359, 105 N.E. 883, 885 (1914) ("… a contract … is presumed … to express the final conclusion reached and all previous and contemporaneous verbal discussion, or written memoranda, are assumed to be either rejected or merged in it"); see generally Restatement (Second) of Contracts § 209(3) ("[w]here the parties reduce an agreement to a writing which in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression.").

As an integrated agreement, the Contract incorporates all prior negotiations and covers the entire scope of the Iron Mountain and Systrans relationship:

> [Systrans] will provide courier services to operate to, from and between Iron Mountain customers and facilities where courier services are not covered by existing contracts, and on a District-by-District basis, as approved by [Iron Mountain].

Contract, § III.A.1. Since Systrans was only in a position to provide "courier services" to Iron Mountain, this provision covers their entire business relationship and all agreements between them. The Contract further states that any modification must be in writing, which evidences the parties' intent that the Contract "contain" the boundaries of the parties' relationship. Accordingly, as a matter of law the Contract is an integrated agreement discharging all prior oral negotiations and agreements.

The Contract's lacking of a formal integration clause does not affect the conclusion that the alleged oral agreement is unenforceable. See Cady v. Marcella, 49 Mass. App. Ct. 334, 338, 729 N.E.2d 1125, 1130 (2000) ("[e]ven in the absence of [an integration] clause, where the written terms of the contract are not ambiguous on their face, extrinsic evidence is not admissible to contradict them"); Congregation of the Sisters of Charity of the Incarnate Word v. Int'l Med.

Equip. Collaborative, No. 03-00016, 17 Mass. L. Rep. 549, 2004 Mass. Super LEXIS 223 at *10 (Apr. 20, 2004) ("[a]lthough the [contract] do[es] not contain an integration clause, the determination of whether an agreement is integrated does not depend on the existence (sic) an integration clause."). Accordingly, given the scope of the Contract and the intent of the parties that the Contract would contain their entire relationship, the alleged prior oral negotiations and agreement are unenforceable in light of the (written) Contract.

The Report and Recommendations incorrectly found that it is impossible to say at this juncture that the terms of the alleged oral agreement and the Contract are inconsistent. In the Counterclaims, Systrans alleges that Iron Mountain orally promised Systrans "that Systrans would receive nearly $45 million [stet] per year in transportation courier management business for five years." See Counterclaims, ¶ 16. While covering the same subject matter, material terms of the Contract are inconsistent with this alleged oral agreement. The Counterclaims allege that Systrans would receive $45 million of business. Inconsistently, the Contract provided for Systrans to furnish and provide courier and related services for Iron Mountain as Iron Mountain, in its absolute discretion, might order from Systrans. See Contract, § II.A.1. Additionally, the Counterclaims allege that the alleged oral agreement had a five (5) year term. Inconsistently, the Contract explicitly provides for a three (3) year term. See Contract, § I and cover sheet (stapled to the last page of the Contract). These material terms are wholly inconsistent and, accordingly, the alleged prior oral negotiations and agreement are unenforceable in light of the (subsequent, written) Contract.

    B.    <u>Systrans's Breach of Contract Claim is Barred by the Statute of Frauds.</u>

The Statute of Frauds bars Systrans's claim of an <u>oral</u> five (5) year contract. An oral contract that is not to be performed within a year is unenforceable under the Statute of Frauds.

7

See Mass. Gen. Laws ch. 259, § 1.[4]  Moreover, even if Systrans had performed as alleged, any such agreement cannot be enforced.  Meng v. Trustees of Boston Univ., 44 Mass. App. Ct. 650, 653, 693 N.E.2d 183, 186 (1998) (holding that "performance, even if full, does not remove a contract from the operation of G.L. c. 259, § 1, Fifth").  Accordingly, any claims regarding any alleged agreements to provide work for Systrans are unenforceable as a matter of law.

The Report and Recommendations inaccurately found that the alleged oral promise are not explicit as to the temporal term of the purported $45 million agreement.  Paragraph 16 of the Counterclaims, however, clearly identifies the (unenforceable) five (5) year term of the purported courier business agreement.  Specifically, paragraph 16 of the Counterclaims provides, in pertinent part:

> . . . Iron Mountain and one ore more of its agents promised Carr and Systrans, *inter alia*, that Systrans would receive nearly $45 Million per year in transportation courier management business *for five years*.

Counterclaims, ¶ 16 (emphasis added); see also Counterclaims, ¶ 21 (alleging that Iron Mountain promised "that revenues of more than $45 Million would be paid to Systrans each year *for a period of five years* . . ." (emphasis added)).  Significantly, the Counterclaims never specify or refer in any way to any term other than the alleged five (5) year term in paragraph 16.  Because all of the alleged promises converge in the same subject matter, *i.e.*, the purported courier business that was allegedly promised to Systrans, the allegation in paragraph 16 of the five (5) year term for that business should cause dismissal of all allegations relating to the purported courier business to Systrans.

---

[4] The Report and Recommendations incorrectly found that, as this juncture, the Court could not apply Massachusetts law with regard to the Statute of Limitations.  According to the Counterclaims, the alleged oral five (5) year agreement was made in Massachusetts, and not New Jersey.  Accordingly, though New Jersey law applies to the Contract (by its own terms), Massachusetts law should apply to the alleged oral agreement.

8

C.     <u>The Contract Bars Systrans's Breach of Contract Claim.</u>

The Contract provides that each party's liability under the Contract "or for any other reason relating to or arising from the products and services provided under this Contract" will be limited to amounts paid or received under the Contract. <u>See</u> Contract, § III.I. By its own terms, the Counterclaims are seeking to impose liability that is not related to anything Iron Mountain has paid or received under the Contract. For instance, had Iron Mountain received services from Systrans for which Iron Mountain had not paid, then Systrans's claim would be permitted under the Contract. That is not the case here. Accordingly, Systrans's claim should be dismissed as barred by the express terms of the Contract.

As the Report and Recommendations found, "Systrans does not address" this argument, see Report and Recommendations, p.13, fn. 6, and, therefore, it remains "unrebutted." See Report and Recommendations, p.16. Systrans's absolute failure to even address this argument should constitute a waiver and given the plain language of this contractual provision, the Court should not hesitate to enforce this provision and dismiss the Counterclaims.

## Conclusion

For the foregoing reasons, the Plaintiff respectfully objects to the Report and Recommendations to the extent set forth above and request that this Court enter an order dismissing the Counterclaims with prejudice.

## REQUEST FOR ORAL ARGUMENT

The Plaintiff believes that oral argument may assist the Court and wish to be heard on these issues.

        Respectfully submitted,

        **IRON MOUNTAIN INFORMATION MANAGEMENT, INC.**

        By their attorneys,

June 8, 2006        /s/ Samual A. Miller
        Ira K. Gross (BBO #212720)
        *igross@sandw.com*
        Samual A. Miller (BBO #648568)
        *smiller@sandw.com*
        SULLIVAN & WORCESTER LLP
        One Post Office Square
        Boston, Massachusetts 02109
        (617) 338-2800

## Certificate of Service

I hereby certify that this **Plaintiff's Limited Objections to the Magistrate Judge's Report and Recommendations on Motions to Dismiss** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 8, 2006.

/s/ Samual A. Miller