UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE,<br><br>    Plaintiffs and<br>    Counterclaim-Defendants,<br><br>v.<br><br>THOMAS CARR,<br><br>    Defendant and<br>    Counterclaim-Plaintiff. | CIVIL ACTION<br>NO. 05 10890 RCL |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SYSTRANS FREIGHT SYSTEMS, INC.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 05 10999 RCL |

**ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 26(c), as to all documents, interrogatory answers, deposition testimony, and any other materials or information (collectively, "Discovery Material" or "Discovery Materials") produced or provided by any party, person, or entity (collectively, the "Producing Party") during the pretrial proceedings in this action:

Case 1:05-cv-10999-RCL    Document 29-2    Filed 09/05/2006    Page 3 of 7

1.  The Producing Party may designate any Discovery Material as "Confidential" or "Highly Confidential" by clearly stamping each page of such material or in the case of computer disks, diskettes, or CD-ROM, on the face of the disk, diskette, or CD-ROM. A party shall make the confidential or highly confidential designation at the time that the Discovery Materials are served (or, in the case of deposition transcripts, in the manner provided below). Absent such a designation at the time of service (or, in the case of deposition transcripts, in the manner provided below), the right to make such a designation shall be waived.

Deposition testimony, transcripts of deposition testimony, or designated portions of transcripts of deposition testimony, shall be treated as highly confidential from the moment the deposition testimony is given through ten (10) days (as calculated pursuant to Fed. R. Civ. P. 6) after the attorney for the deposed person or party receives the deposition transcript. Deposition testimony, transcripts of deposition testimony, or designated portions of transcripts of deposition testimony shall be treated as confidential or highly confidential after this initial period only if so designated as confidential or highly confidential no later than ten (10) days (as calculated pursuant to Fed. R. Civ. P. 6) after the attorney for the deposed person or party receives the deposition transcript.

Discovery Material may be designated confidential or highly confidential only if it contains trade secrets or confidential or proprietary information. A receiving party may challenge the confidential or highly confidential designation of any Discovery Material only by delivering a letter to the Producing Party identifying the documents whose confidential or highly confidential designations are being challenged (the "Challenged Materials"). Any letter challenging a confidential or highly confidential designation must be served within thirty (30) days (as calculated pursuant to Fed. R. Civ. P. 6) of service of the Challenged Materials (or, in

{B0529266; 1}

the case of deposition transcripts, within thirty (30) days (as calculated pursuant to Fed. R. Civ. P. 6) after the confidential or highly confidential designation has been made). The Producing Party may seek to retain the confidential or highly confidential designation on the Challenged Materials only by filing a motion for a protective order in this Court, which motion for a protective order shall be filed within ten (10) days (as calculated pursuant to Fed. R. Civ. P. 6) of receipt of the letter identifying the Challenged Materials; otherwise, any confidential designation on the Challenged Materials shall be waived at the expiration of this ten (10) day period. The Producing Party seeking to retain the confidential or highly confidential designation shall bear the burden of proving that such designation is warranted. While such a motion for a protective order is pending, the confidential or highly confidential designation for any Challenged Materials shall remain in place unless voluntarily withdrawn or until an order is rendered by the Court.

2. Discovery Materials designated as confidential may be disclosed only to the following persons:

    a. the Court, court personnel, and court reporters transcribing testimony;

    b. attorneys of record and of counsel for the parties, and their associated attorneys, paralegals, and clerical staff employed in the preparation and trial of this action;

    c. experts and those employed or affiliated with them retained by a party for this action;

    d. the parties and the employees of the parties;

    e. authors and recipients of documents that have been designated confidential; and

    f. any other person agreed to in advance in writing by counsel for both parties.

3. Discovery Materials designated as highly confidential may be disclosed only to the following persons:

    a. the Court, court personnel and court reporters transcribing testimony;

b. attorneys of record and of counsel for the parties, and their associated attorneys, paralegals and clerical staff employed in the preparation and trial of this action;

c. experts retained by a party for this action; and

d. authors and recipients of documents that have been designated highly confidential.

4. Before any materials designated as confidential or highly confidential are disclosed to those persons identified in 2(c) and (f) and 3(c) above respectively, those persons shall first be provided with a copy of this order and shall acknowledge in writing that the person (i) has received a copy of this order, (ii) is familiar with the terms thereof, and (iii) agrees to be bound by such terms. No person shall divulge any confidential or highly confidential materials or any information derived therefrom to any other person, except those identified hereinabove. The attorneys for each party shall keep a list identifying each person to whom any confidential or highly confidential materials have been given, which list shall be made available to every other party to this action upon reasonable request in writing upon the conclusion of the action.

5. Discovery Materials designated as confidential or highly confidential shall be used only for purposes of pretrial proceedings, preparation for trial, motions, trial of this action, appeals, and for any other purpose associated only with this action. Nevertheless, counsel for any party may share Discovery Materials designated as confidential or highly confidential with law enforcement agents, government agencies and prosecutors in connection with any criminal investigation or prosecution of any individual or entity. A party making such disclosure(s) shall make reasonable efforts to obtain assurances of confidentiality from any such agent, agency, or prosecutor to whom such a disclosure is made. Documents created by law enforcement, or in conjunction with law enforcement, may be designated confidential or highly confidential, and such materials shall not be disclosed to anyone other than as provided in this agreement.

6. The parties shall comply with LR. 7.2 when filing with the Court any Discovery Materials designated as confidential or highly confidential. Upon order of the Court after review of a motion requesting that the document be sealed, (i) any unredacted Discovery Materials designated confidential or highly confidential or (ii) any Court paper containing information derived from such material that is filed with the Court, shall be filed under seal and in an envelope conspicuously marked as follows:

**CASE NOS. 05-10890 AND 05-10999**
**CONFIDENTIAL PURSUANT TO COURT ORDER**

THIS DOCUMENT IS FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED _____ ENTERED IN THIS ACTION AND SHALL NOT BE OPENED EXCEPT BY THE COURT OR UPON ORDER OF THE COURT OR BY STIPULATION OF THE PARTIES TO THIS ACTION

7. The attorney for the Producing Party shall maintain an inventory of all Discovery Materials provided subject to this order. The party receiving such materials agrees that copies of said materials shall be subject to this order to the same extent as the original documents. Within thirty (30) days of the termination of this action, whether by judgment, settlement, dismissal or other disposition, including exhaustion of all available appeals, all Discovery Materials subject to this order, and all copies thereof, shall be returned to the Producing Party or destroyed (with affidavit of destruction clearly setting forth the date, time and means of destruction, as well as identifying the documents so destroyed).

8. The Court may impose appropriate sanctions for any violations of this order.

9. Nothing in this order shall prevent any party from seeking a modification of this order or such further provisions regarding confidentiality as may become necessary.

10. This order shall remain in effect after the termination of this action. Jurisdiction of this action shall be retained by the Court after final determination for purposes of enabling any party or person affected by this order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions hereof.

Date entered: 9/07/2006

_____
Hon.
United States District Court Judge